IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Donald J. Tompkins, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-4004 |
| Central Laborers' Pension Fund, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff challenges, under ERISA, Defendant's suspension of his disability payments and Defendant's determination that over $48,000.00 had been overpaid to Plaintiff and is subject to recovery. Defendant has moved to dismiss Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 10(b). For the reasons below, the Court recommends that the motion be denied.

### Allegations

According to the Complaint, after over 20 years working in construction, Plaintiff applied to Defendant for permanent disability payments due to "chronic asthmatic bronchitis," attributable to his long term

exposure to cement dust. (Complaint ¶ 13). Defendant approved the disability payments and began paying $2,115.43 monthly to Plaintiff in August, 1999, retroactive to January, 1999. (Complaint para. 13). Section 1.31 of the Pension Fund Plan in effect at the time provided that a "Participant may earn up to $14,000 per calendar year in non-Laborer or other non-Building Trades Crafts employment and be considered totally and permanently disabled." (Complaint p. 7). However, Plaintiff alleges that Defendant did not provide him notice of this limitation when he began receiving disability payments in 1999.

In 2001 and 2002, Plaintiff had gross earnings of under $10,000 per year in non-laborer/building trades positions, and reported that income to the Fund at the Fund's request. (Complaint ¶ 15). Plaintiff's disability payments continued without incident. In 2005, Plaintiff had gross earnings of over $10,550.00 in a non-laborer/building trades position. In 2006, Plaintiff had gross earnings of $22,100.00 in that position.

In June 2007, Defendant informed Plaintiff that he no longer met the definition of permanent disability. Defendant suspended disability payments and notified Plaintiff that over $48,000 had been overpaid to him

and was subject to recovery. Plaintiff unsuccessfully pursued his administrative remedies and then filed this lawsuit under ERISA.

## The Complaint

Plaintiff sets forth two "causes of action" in his Complaint, but they are not titled.

The first "cause of action" focuses on Defendant's failure to apply the alleged plain meaning of Section 1.31 of the Plan, which contains the $14,000 limitation provision. Plaintiff maintains that Defendant's

> interpretation of the Plan, under the guise of "discretionary powers" controverts the "plain meaning of the plan;" the Fund's decision is totally void of a reasoned explanation. That equates to a breach of its fiduciary duties and constitutes 'arbitrary or capricious' action . . .

(Complaint ¶ 36). At the close of the first cause of action, Plaintiff seeks correction of the overpaid assessment (from $48,654.89 to $10,577.15); reinstatement of Plaintiff's monthly disability benefits, retroactive to their suspension in June 2007; and interest. (Complaint ¶ 36).

The second "cause of action" focuses on Defendant's alleged failure to notify Plaintiff of the rules governing suspension of disability payments, namely the definition of permanent disability and the $14,000.00 earnings limitation. The lack of notice and Plaintiff's prior report of earnings without

incident allegedly misled Plaintiff into justifiably believing that his work in non-laborer/building positions would not jeopardize his disability payments. In the second cause of action, Plaintiff asserts that "the Fund's incorrect notice to Plaintiff of 'Plan rules governing suspension' establishes that the Fund has breached its fiduciary duties . . . ." (Complaint para. 46). The second cause of action seeks discharge of the entire overpayment assessment of $48,654.89; reinstatement of Plaintiff's monthly disability benefits, retroactive to their suspension in June 2007; and interest. (Complaint para. 46).

Both causes of action cite to the prudent man standard in 29 U.S.C. § 1102, and to two different statutory ERISA claims: 29 U.S.C. § 1132(a)(1)(B)(civil action to recover benefits, enforce rights, and/or clarify future benefits) and 29 U.S.C. § 1132(a)(3)(B)(ii)(civil action for "other appropriate equitable relief" to redress ERISA or Plan violations or enforce those provisions). Both of Plaintiff's causes of action seek nearly the same relief: correction or discharge of the overpaid assessment;[1] retroactive reinstatement of benefits; and interest. In the final prayer for relief Plaintiff

---

[1] Plaintiff's first cause of action seeks correction of the overpaid assessment. Plaintiff's second cause of action seeks a complete discharge of the overpaid assessment.

sets forth the causes of action in the alternative and also seeks attorney's fees and costs under 29 U.S.C. § 1132(g)).

## Analysis

Federal Rule of Civil Procedure 10(b) provides:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Defendants correctly points out that Plaintiff's "causes of action" both incorporate two distinct statutory subsections of ERISA: 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3). Defendant is also correct that these ERISA subsections are legally distinct. In general, §1132(a)(1)(B) permits a civil action by plan participants to obtain benefits. 29 U.S.C. § 1132(a)(1)(B)("recover benefits due to him . . ., to enforce his rights under the terms of the plan, or to clarify his rights to future benefits . . ."). Defendant's decision on the benefits, the parties agree, is reviewed by a federal court under the arbitrary and capricious standard. (Complaint ¶ 8). Generally, discovery on whether those decisions were arbitrary and capricious is limited to the record before the decision maker. Perlman v.

Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 981-82 (7th Cir. 1999).

In contrast, § 1132(a)(3) permits civil actions to "obtain other appropriate equitable relief" to redress ERISA or Plan violations or to enforce those provisions.  See, e.g., Mondry v. American Family Mutual Ins. Co., 557 F.3d 781, 804-06 (7th Cir. 2009)(§1132(a)(3) was available to remedy breach of fiduciary duty for delay in providing documents, for recovery of "lost time value of money").  Analyzing an ERISA claim for breach of fiduciary duty under § 1132(a)(3) is informed by traditional trust law principles.  See Varity Corp. v. Howe, 516 U.S. 489, 497 (1996); Craig v. Smith, 597 F.Supp.2d 814, 826 (S.D. Ind. 2009)(plan administrator breached fiduciary duty by failing to oversee ESOP committee).  Generally, discovery on claims distinct from the administrator's decision is not limited to the administrative record.  See, e.g., Vallone v. CNA Financial Corp., 375 F.3d 623, 629-30 (7th Cir. 2004)(estoppel claim not limited to administrative record).

A claim for benefits generally belongs under § 1132(a)(1)(B), not Section 1132(a)(3).  See Mondry v. American Family Mutual Ins. Co., 557 F.3d 781, 804-5 (7th Cir. 2009)(demand for money allegedly owed under

ERISA plan is an action for benefits under §1132(a)(1)(B), not a suit for equitable relief).   However, relief under the different subsections might be sought in the alternative, and relief under both subsections might be possible in the same case, based on different theories of recovery.  *See* Craig v. Smith, 597 F.Supp.2d 814, 826 (S.D. Ind. 2009)(awarding benefits under §1132(a)(1)(B) and reformation of note under §1132(a)(3)(B), which amounted to same payment, jointly and severally against different defendants); Black v. Long Term Disability Ins., 373 F.Supp.2d 897, 902 (W.D. Wis. 2005)(declining to dismiss fiduciary claim as duplicative of benefits claim and discussing scenarios under which relief could be afforded under both subsections or in the alternative).

Defendant asserts that Rule 10(b) requires Plaintiff to plead separate counts under § 1132(a)(1)(B) and § 1132(a)(3).  Otherwise, Defendant predicts that "confusion [will ensue] regarding the available remedies for each claim and the extent to which discovery is available and will inhibit this Court from properly ruling on each count." (d/e # 9, p. 2).  Defendant also contends that the "commingled claims prevent [it] from properly framing its responsive pleading." Id.

Plaintiff counters that he has already divided into separate counts each "claim founded on a separate transaction or occurrence" as required by Rule 10(b). Specifically, those transactions or occurrences are: 1) Defendant's June 2007 interpretation of Section 1.31 to suspend benefits and assess an overpayment; and 2) Defendant's failure to notify Plaintiff of the rules governing suspension of payments in August 1999. He asserts that he is not required to further divide different statutory grounds for relief on the same facts into separate counts.

In the Court's opinion, it would have been clearer for Plaintiff to set out each statutory subsection into separate counts—one for fiduciary breach under § 1132(a)(3) and one for benefits owed under §1132(a)(1)(B). Plaintiff is correct, however, that Rule 10(b) literally applies to separate "transactions or occurrences," not to separate statutory remedies based on the same transaction. See Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992)("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this."); FDIC v. Miller, 781 F.Supp. 1271 n. 5 (N.D. Ill. 1991)(state and federal claims may be pursued in one count, where claims based on the same facts). The

Court acknowledges that some District Courts have interpreted Rule 10(b) to require separate counts for each separate statutory claim, but those cases do not discuss Rule 10(b) in detail.  *See*, *e.g.*, Republic Tobacco L.P. v. North Atlantic Trading Co., Inc., 254 F.Supp.2d 985, 1006 n. 18 (N.D. Ill. 2002, Judge Grady)("In keeping with the rule [10(b)], the courts have required a separate count for each distinctive statutory, constitutional, or common law claim.")(noting that state law claims should have been set forth in different counts); Casler v. Janus, 1998 WL 151811 (N.D. Ill. 1998, Judge Grady)(not reported in F.Supp.)(ordering complaint to split count that contained potential federal and state actions).[2]

    The Court cannot say that the Complaint as drafted violates the separate count provision of Rule 10(b).  Plaintiff does separate the different factual occurrences into separate counts.  The first "cause of action" involves Defendant's June 2007 suspension of payments and assessment of an overpayment.  The second "cause of action" involves Defendant's August 1999 failure to provide notice of the suspension rules.  Plaintiff invokes both statutory subsections in each "cause", but that is not

---

[2]Additional unpublished Northern District cases cited by Defendant at p. 5, d/e 9.

prohibited by Rule 10(b).  See also Fed. R. Civ. P. 8 (3)(different types of relief may be sought, or relief may be sought in the alternative).

Even if Plaintiff's pursuit of remedies under the separate statutory subsections are different "transactions or occurrences" under Rule 10(b), requiring Plaintiff to replead is not necessary to promote clarity, in the Court's opinion.[3]  It is reasonably clear that Plaintiff is pursuing remedies under *both* subsections as to: 1) Defendant's suspension of disability benefits; 2) Defendant's assessment of an overpayment; and 3) Defendant's failure to give Plaintiff notice of the suspension rules.  What is not clear is the equitable relief Plaintiff seeks under § 1132(a)(3) that is not duplicative of the relief available under Section 1132(a)(1)(B), other than the complete discharge of the overpayment assessment.  Yet dismissal under Rule 10(b) is not the way to get an answer to that question—discovery and dispositive motions are.

In the Court's view, repleading will not necessarily help focus the case, because Plaintiff could simply repeat the same allegations and request for relief in his separate counts under §1132(a)(1)(B) and §1132(a)(3).  As already stated, Plaintiff appears to be pursuing both

---

[3]If the Court did recommend granting the motion to dismiss, it would be with leave to replead.

statutory remedies based on the same set of facts.  Separate counts or not, different legal standards will have to be applied to the same set of facts, and Defendant will have to respond to the same factual allegations and assert the same defenses.[4]

The Court will therefore recommend that Defendant's motion to dismiss based on Federal Rule of Civil Procedure 10(b) be denied (d/e 8).  In the Court's opinion, the Complaint is clear enough to enable Defendant to frame a responsive pleading and get the case moving to discovery.[5]

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be denied (d/e 8).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to timely object will constitute a waiver of objections on appeal.

---

[4] Aside from Rule 10(b), the Court does have the inherent authority to require repleading if necessary for clarity and effective case management, see Fed. R. Civ. P. 8, but that is not called for here, where the Complaint is understandable and the allegations relatively short and simple.

[5] Whether Plaintiff actually states a claim for relief under both statutory subsections on the facts alleged is a different question not before the Court.  Defendant has not moved to dismiss under Fed. R. Civ. P. 12(b)(6).

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    June 1, 2009

                                    s/ Byron G. Cudmore
                              _____
                                BYRON G. CUDMORE
                        UNITED STATES MAGISTRATE JUDGE