E-FILED
Monday, 16 November, 2009  02:52:08 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DONALD J. TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-4004 |
| | ) | |
| CENTRAL LABORERS' PENSION | ) | |
| FUND, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

Before the Court is Magistrate Judge Cudmore's Report and Recommendation ("R&R") (Doc. 12) addressing Defendant's Motion to Dismiss (Doc. 8).  The R&R recommends denial of the Motion to Dismiss.  Defendant has filed Objections (Doc. 13) to the R&R and Plaintiffs have responded to these Objections (Doc. 15).  For the reasons that follow, the R&R is adopted, and Defendant's Motion to Dismiss is denied.

### BACKGROUND

Plaintiff filed this complaint on February 12, 2009, alleging that Defendant had violated the Employee Retirement Income Security Act ("ERISA") in its termination of disability benefits paid to him.  In 1999, after working as a laborer in Laborers' Local 309, Rock Island, Illinois for over twenty years, Plaintiff applied for

disability benefits pursuant to Defendant's Pension Fund Plan ("Plan").[1]  Plaintiff's application for benefits was approved, and he received disability benefits beginning in August of 1999, retroactive to January 1999.   During this period, Plaintiff engaged in work as a non-laborer, which he argues was not prohibited by the Plan's disability benefits rules.[2]  In June of 2007, Defendant informed Plaintiff that an audit had revealed that his current employment disqualified him from continuing to receive disability payments under the Plan's terms.  This lawsuit alleges that this decision by Defendant, as well as Defendant's alleged failure to properly notify Plaintiff of the Plan's terms, violated the Plan, and thus, ERISA.

On March 9, 2009, Defendant filed a Motion to Dismiss Plaintiff's Complaint, alleging that the Complaint as filed violated Federal Rule of Civil Procedure 10(b). (Doc. 8).  Plaintiff responded to this Motion to Dismiss (Doc. 11), and on June 1, 2009, Magistrate Judge Cudmore issued an R&R recommending that the Motion to Dismiss be denied (Doc. 12).  Defendant Objected to the R&R on June 17, 2009 (Doc. 13), and Plaintiff, in support of the R&R, filed a Memorandum of Law in Opposition to Defendant's Objection (Doc. 15).

---

[1]     For the sake of simplicity, the factual background information is drawn from the allegations of Plaintiff's Complaint.  (Doc. 1).  No determination is made as to the truth of these allegations.

[2]     Whether Plaintiff's work disqualified him from receiving benefits under the Plan is the crux of this lawsuit's merits.  In simplified form, Plaintiff's argument is that (1) his work in 2005 and 2006 did not disqualify him from receiving disability benefits under the Plan's terms, and that Defendant thereby violated ERISA by misapplying the Plan, and (2) even if it did disqualify him, Defendant improperly notified him of the Plan's terms, also in violation of ERISA.

In its Motion to Dismiss, Defendant argued that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 10(b).  Federal Rule of Civil Procedure 10(b) provides, in pertinent part, that "[a] party must state its claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances.…If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count."  The Rule does not indicate what penalty attaches to violation of the Rule, but courts have held that dismissal of the complaint, or dismissal with leave to file an amended complaint, is appropriate.[3]  See, e.g., Three D Dep't, Inc. v. K Mart Corp., 670 F.Supp. 1404, 1409 (N.D. Ill.1987) (dismissal of complaint for repleading where count combined three separate factual occurrences) (citing United States v. American Linen Supply Co., 141 F.Supp. 105, 116 (C.D. Ill.1956)) ("courts retain the inherent power to order compliance with the rule").

Plaintiff's Complaint asserts two "causes of action" as alternatives to one another.[4]  The first cause of action is based on Defendant's allegedly wrongful suspension of his benefits in June 2007, and asserts a right to relief under two clauses of ERISA: 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3)(B)(ii).  29

---

[3]     Further, in Frederiksen v. City of Lockport, the Seventh Circuit upheld the Rule 10(b) dismissal of a count with prejudice when it combined a wrongful arrest claim with a claim contesting the condemnation of a building.  384 F.3d 437, 439 (7th Cir. 2004).

[4]     Plaintiff's Complaint, in its prayer for relief, requests, inter alia, that the Court "(a) per the first cause of action…declare the Fund's suspension of Plaintiff's Disability Pension did controvert the plain meaning of the Plan…or alternatively (b) per the second cause of action…declare the Fund's suspension of Plaintiff's Disability Pension to be void on account of the Fund's breach of it [sic] fiduciary duties by giving Plaintiff an erroneous notice."  (Doc. 1 at 20).

U.S.C. § 1132(a)(1)(B) allows a beneficiary to bring an action to recover benefits or enforce his rights under a plan; 29 U.S.C. § 1132(a)(3)(B)(ii) allows equitable relief to enforce a provision of ERISA or of a plan. The second "cause of action" seeks relief under both of these provisions because of Defendant's allegedly deficient notice to Plaintiff of the Plan's rules governing suspension of benefits.

Defendant asserted in its Motion to Dismiss that, because each cause of action alleges the violation of two sections of ERISA, the Complaint "confusingly and improperly commingles separate and distinct statutory causes of action in such a way that will only serve to unnecessarily complicate this Honorable Court's review of the Plaintiff's claims." (Doc. 9 at 2). In support of this argument, Defendant cites several District Court cases from the Northern District of Illinois, the Northern District of Iowa, and the Northern District of Ohio; it alleges that these courts have held that commingling legal theories in violation of Rule 10(b) requires dismissal or amendment of the complaint. (Doc. 9 at 5).

Plaintiff responded to Defendant's Motion to Dismiss, relying on the "separate transaction or occurrence" language of Rule 10(b) to argue that the Complaint was properly framed, since each "cause of action" addresses a separate action by Defendant that allegedly violated ERISA. In addition, Plaintiff cites Wright & Miller's Federal Practice and Procedure's explanation that Rule 10(b) requires separate counts only for "separate transactions or occurrences," not for separate legal theories based on a single event. See 5A FED. PRAC. & PROC. CIV. §§ 1324 & 1325 (3d ed.).

Magistrate Judge Cudmore's R&R recommended that Defendant's Motion to Dismiss be denied, as Plaintiff's Complaint did not violate Rule 10(b), though "it would have been clearer for Plaintiff to set out each statutory subsection into separate counts." (Doc. 12 at 8). After reviewing the differing legal standards under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3)(B)(ii), he noted that the language of Rule 10(b) "literally applies to separate 'transactions or occurrences,' not to separate statutory remedies based on the same transaction." (Doc. 12 at 8). In addition, he found that "requiring Plaintiff to replead is not necessary to promote clarity," and that any uncertainty about the relief that Plaintiff seeks is best resolved by discovery and dispositive motions, not by dismissal under Rule 10(b). (Doc. 12 at 10).

Defendant objected to the R&R's conclusion that dismissal is not required by Rule 10(b) by arguing that "the purpose of Rule 10(b) is to facilitate a clear presentation of the issues, which will permit the court to rule on an <u>entire count</u>." (Doc. 14 at 3 (emphasis in original)). In addition, Defendant argued that the Complaint's length and complexity "prejudices the Defendant in formulating its responsive pleading." (Doc. 14 at 4). Plaintiff responded to these Objections primarily by noting again that the two counts are based on "separate transactions or occurrences," and thus are in compliance with Rule 10(b), and that the fact that they each contain two legal theories does not violate Rule 10(b). (Doc. 15).

STANDARD OF REVIEW

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

ANALYSIS

In its Motion to Dismiss and its Objection to Magistrate Judge Cudmore's R&R, Defendant argues that Rule 10(b) "requires" separate counts for each legal theory, and that Plaintiff's Complaint thus violates Rule 10(b) and must be dismissed or amended. The Court disagrees. As noted above, the language of Rule 10(b) clearly requires only that claims under "separate transactions or occurrences" be set forth in separate counts.

In addition, as pointed out by Magistrate Judge Cudmore, the Seventh Circuit has stated that "[a]lthough it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992).[5]   Further, in

---

[5]   Bartholet was a case in which the District Court dismissed the complaint under Rule 12(b)(6), as the plaintiff had failed to allege a viable legal theory for his claim. The Seventh Circuit held that dismissal was improper because, though the plaintiff's claimed legal theory was incorrect, the plaintiff had stated facts sufficient to state a claim for relief under another theory. The Seventh Circuit discussed the Federal Rules of Civil Procedure's rejection of common law and code pleading, which required the plaintiff to state a correct legal theory for his facts. Under the Rules of Civil Procedure, specifically Rule 8, "the complaint need not identify a legal theory,

N.A.A.C.P. v. American Family Mutual Insurance Co., the Seventh Circuit noted that "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate."[6]   978 F.2d 287, 292 (7th Cir. 1992).   Citing Bartholet, the court found that

> Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a "cause of action."  The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference.

Id. (citing 953 F.2d at 1078).

On the other hand, it is true that several District Court cases from this Circuit have indicated a preference for separate counts for each legal theory.[7]   In

---

and specifying an incorrect theory is not fatal."  953 F.2d at 1078.  Though Bartholet arose under Rule 12(b)(6), the Court believes that its specification of the necessary requirements of a complaint under the Rules of Civil Procedure is applicable to Rule 10(b), as well.

[6]   NAACP raised the question of whether the Court of Appeals had jurisdiction under Rule 54(b) over an appeal of two "counts" that had been dismissed as legally insufficient by the trial court, which retained three other "counts."  If the trial court had entered judgment on an entire "claim," that judgment could be appealed. Therefore, the issue was defining a "claim."  The Court of Appeals explained that "[a] 'claim for relief' seeks redress of a distinct wrong; a distinct legal underpinning differs from a new claim and is not independently appealable."  978 F.2d at 291. Though the Rule 54(b) posture could distinguish NAACP from the Rule 10(b) question, the linkage in NAACP, quoted above, of the Rule 54(b) "claim" with counts in complaints shows that NAACP's explanation is applicable to Rule 10(b).

[7]   In H.L. Miller Machine Tools, Inc. v. Acroloc Inc., Judge Mihm dismissed a count of the plaintiff's complaint because it was "clearly in violation" of Rule 10(b), since it combined multiple claims in one count.  679 F.Supp. 823, 828 (C.D. Ill. 1988).  However, Judge Mihm did not discuss the requirements of Rule 10(b), and it is unclear as to whether he found the complaint to violate Rule 10(b) because it combined claims arising under separate factual transactions or because it combined legal claims relating to a single transaction, as it appears to have combined both. At least two factual transactions appear to have been alleged by the count: facts

Demes v. ABN Amro Services Co., Inc., the Northern District of Illinois noted that Rule 10(b) "has been interpreted to require separate counts for each distinctive statutory and constitutional claim."  01-c-0967, 2001 WL 563813, *2 (N.D. Ill. May 23, 2001).  The court in Casler v. Janus also used this interpretation of Rule 10(b), and dismissed a count that confusingly "combin[ed] potential federal and state causes of action for both false arrest and extended detention."  97-c-5049, 1998 WL 151811, *1 (N.D. Ill. Mar. 26, 1998).  See also Republic Tobacco, L.P. v. North Atlantic Trading Co., 254 F.Supp.2d 985, 1005 fn. 18 (N.D. Ill. 2002) (noting separate-counts-for-each-theory interpretation, but not dismissing complaint); Craig v. Dabrowski, 08-c-405, 1999 WL 412581, *1 fn. 3 (N.D. Ill. June 8, 1999) (noting this interpretation, but requiring amendment of complaint that mingled claims regarding two different events in single counts); Goerlich v. Davis, 91-c-1743, 1991 WL 195772, *2 (N.D. Ill. 1991).

However, a number of District Court cases from this Circuit have not used this interpretation of Rule 10(b).[8]  Given the language of Rule 10(b) and the Seventh

---

surrounding the alleged breach of the contract at issue in the case, and facts surrounding a claim of retaliation "for Plaintiff's exercise of his bid for a redress in the courts." Id. at 828.

[8]     See, e.g., Harper v. City of Murphysboro, Ill., 08-182-GPM, 2008 WL 2782837, *2-3 (S.D. Ill. July 15, 2008) (Rule 10(b) does "not forbid the plaintiff to include multiple legal claims in a single count.  Indeed, per Rule(8)(d), parties may state alternate or inconsistent claims in a single count."); Frost v. Dorsch, 92-c-4025, 1992 WL 390743, *2 (N.D. Ill. Dec. 18, 1992) (though complaint would have been clearer if divided into separate counts, dismissal not required where defendants adequately informed of the charges); Ellis v. State of Illinois, 91-c-8391, 1992 WL 332293, *2 (N.D. Ill. Nov. 6, 1992) ("Rule 10(b) requires dismissal and repleading only where the complaint is not understandable."); Montgomery Ward & Co., Inc. v. Fretter, Inc., 91-c-8011, 1992 WL 212513, *1-2 (N.D. Ill. Aug. 27, 1992)

Circuit's statements in <u>Bartholet</u> and <u>NAACP</u>, the Court finds persuasive the cases

cited at footnote 8, and holds that Plaintiff's Complaint need not be dismissed under

Rule 10(b).  Though some District Courts have interpreted Rule 10(b) as suggested

by Defendant, the Court does not find dismissal here to be necessary under the

Rule, as Plaintiff asserts separate counts for each transaction.  The fact that he

combines two legal theories for each transaction is not fatal to the Complaint, as

Defendant can understand the claims that are made against it.  As noted by the

---

("Rule 10(b) requires dismissal and repleading only where the complaint is not clear and understandable."); <u>Federal Deposit Ins. Corp. v. Miller</u>, 781 F.Supp. 1271, 1278 fn. 5 (N.D. Ill. 1991) ("plaintiffs may plead counts which rely on different theories of recovery, if the theories are based on the same facts"); <u>Mathes v. Nugent</u>, 411 F.Supp. 968, 972 (N.D. Ill.1976)) ("All [Rule 10(b)] requires is that each claim founded on a separate transaction or occurrence be stated in a separate count 'whenever a separation facilitates the clear presentation of the matters set forth.'"); <u>American Linen Supply Co.</u>, 141 F.Supp. at 117 ("If a single transaction or occurrence gives rise to several claims, they may properly be pleaded in a single count.").

In other cases not directly addressing Rule 10(b), courts have also agreed that different legal theories pertaining to the same facts need not be set forth in separate counts.  <u>See</u> <u>Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.</u>, 443 F.Supp.2d 976, 977-78 (N.D. Ill. 2006) (discussing "mistaken practice of carving up a single claim (which is the relevant concept in federal pleading) by setting out different theories of recovery in different counts"); <u>Orthodontic Centers of Illinois v. Michaels</u>, 407 F.Supp.2d 934, 935 (N.D. Ill. 2005) ("concept of a separate count thus does not properly encompass the statement of what is no more than a different theory of recovery on the same claim"); <u>P.M.C., Inc. v. Ekstein</u>, 91-c-3709, 1992 WL 114945, *2 (N.D. Ill. May 14, 1992) ("It is not necessary to separate each distinct legal theory into a separate count so long as the pleadings afford the opposing party fair notice of its claims."); <u>Verlan, Ltd. v. John L. Armitage & Co.</u>, 695 F.Supp. 955, 957 (N.D. Ill. 1988) ("It is unnecessary…to separate each distinct legal theory into a separate count.").

Seventh Circuit, Plaintiff was not even necessarily required to specify <u>any</u> legal basis for his claims.  <u>Bartholet</u>, 953 F.2d at 1078.[9]

Defendant's claim that it will be prejudiced by the combined legal claims of Plaintiff's Complaint is rejected.  Defendant obviously can understand which of its actions Plaintiff complains of, as it discusses them clearly in its Motion to Dismiss.[10] In addition, the fact that there are two legal bases for relief underlying each assertedly wrongful action by Defendant does not prejudice it, either, as, even if the two counts were split into four, Defendant would still have to respond to each of them.[11]

---

[9]    The discussion in <u>Rossario's Fine Jewelry</u> of the persistence of the practice of setting forth each legal basis for relief in a separate count may be illustrative.  The court there noted that Illinois state courts use the "cause of action" approach to complaints, which requires that each legal basis for relief be set forth in a separate "cause of action," and hypothesized that the practice of cutting transactions into multiple counts for multiple legal theories is rooted in familiarity with Illinois practice.  443 F.Supp.2d 976, 978 fn. 2 (N.D. Ill. 2006).  <u>See also</u> <u>White v. City of Chicago</u>, 631 F.Supp.2d 1073, 1073 (N.D. Ill. 2009).

[10]    As noted by the Court in <u>American Linen</u>, "The able brief submitted in support of the defendants' motion to dismiss indicates that it is possible to divine the nature of the plaintiff's claims upon the complaint as it stands."  141 F.Supp. at 117.

[11]    Defendant also argues that one of Rule 10(b)'s purposes is to "'enable the court to grant relief on an entire count, not just part of a count,' and to permit the 'plaintiff's claims…[to be] more easily discussed in future proceedings.'"  (Doc. 14 at 3 (<u>quoting</u> <u>Casler</u>, 1998 WL 151811, *2)).  <u>Casler</u>, <u>Republic Tobacco</u> (citing <u>Casler</u>), and <u>Craig</u>, all state this "purpose," though they characterize it as the reason behind the separate-counts-for-each-theory interpretation, not the reason behind Rule 10(b) itself; they are the only cases that the Court has found which mention this purpose (notably, these are all cases from Judge Grady of the Northern District of Illinois).  Therefore, as the Court is not adopting this interpretation, there is no need to use this rationale to justify it.  In addition, the other cases that discuss the purpose of the Rules of Civil Procedures' pleading requirements state that their purpose is to give the defendant notice of the charges against it.  See, e.g., <u>Liberty Mut. Ins. Co.</u>

## CONCLUSION

The Court finds that Rule 10(b)'s terms require only that "separate transactions or occurrences" be pled in separate counts, and that Plaintiff's Complaint is thus in compliance with the Rule.   This conclusion is further supported by the Seventh Circuit's statements as to the nature of federal pleading in Bartholet and NAACP, and by a wealth of District Court precedent from this Circuit.   The Court respectfully disagrees with the handful of District Court cases that follow the interpretation that each legal theory must be set forth in a separate count.   Finally, the Court finds that there is no prejudice to Defendant in allowing Plaintiff's Complaint to stand.   Therefore, Magistrate Judge Cudmore's R&R (Doc. 12) is ADOPTED, Defendant's Objections to the R&R (Doc. 13) are OVERRULED, and Defendant's Motion to Dismiss (Doc. 8) is DENIED.   This matter is REFERRED to Magistrate Judge Cudmore for further pretrial matters.

---

v. Paul E. Larson Ins. Agency, Inc., 98-c-2961, 1999 WL 202971, *6 fn. 7 (N.D. Ill. Mar. 31, 1999) (citing Federal Trade Commission v. Communidyne, Inc., 93-c-6043, 1993 WL 558754, *3 (N.D. Ill. December 3, 1993; Verlan, 695 F.Supp. at 957 (N.D. Ill. 1988); 5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1324 (1990)).   Indeed, in Bartholet, the Seventh Circuit noted that "[c]omplaints in a system of notice pleading initiate the litigation but recede into the background as the case progresses. Later documents, such as the pretrial order under Rule 16(e), refine the claims; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments."  953 F.2d at 1075.

Further, as discussed above, a "count" for federal pleading purposes is "one injury [that] creates one claim for relief, no matter how many laws the deeds violate" -- the Court could not grant relief on a true "count" by merely deciding that one particular legal theory was inapplicable to the "transaction or occurrence." NAACP, 978 F.2d at 292.   The fact that the Court, if it finds in the future that one of the named sections of ERISA was not violated by one of Defendant's two allegedly wrongful actions, would not thus dispose of the entire count is not a problem.   That ruling would not necessarily be immediately appealable even if the legal theories were broken into separate counts, as the factual underpinnings would be the same as one of the remaining "counts."  See id. at 291-92.

Entered this <u>16th</u> day of November, 2009.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States District Judge
