UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DONALD J. TOMPKINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09-cv-4004 |
| CENTRAL LABORERS' PENSION FUND, | ) ) ) ) | |
| Defendant. | ) | |

# O R D E R  &  O P I N I O N

Before the Court is Plaintiff's Appeal of Magistrate Judge Cudmore's Non-Dispositive Text Order entered on 10/22/2010 (Doc. 35) and Memorandum in Support (Doc. 36). Defendant timely filed its Response on November 11, 2010 (Doc. 38). For the following reasons, Magistrate Judge Cudmore's Non-Dispositive Text Order of 10/22/2010 is AFFIRMED.

## LEGAL STANDARD

This Court reviews Magistrate Judge Cudmore's decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2. Under §636(b)(1)(A), this court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The clearly erroneous standard of review prescribed by §636 means that this Court "can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 947 (7th Cir. 1997).

## PROCEDURAL BACKGROUND

Plaintiff filed a Protective Motion to Compel the Deposition of Attorney Jeffrey M. Wilday ("Protective Motion to Compel") on September 6, 2010. (Doc. 25). This motion was filed before Plaintiff's counsel conferred with Defendant's counsel regarding the scheduling of such deposition, and Defendant opposed the motion on such grounds. (Doc. 28). Accordingly, on September 23, 2010, Magistrate Judge Cudmore denied Plaintiff's Protective Motion to Compel without prejudice and directed the parties to "meet and confer" on the issues raised in Plaintiff's Motion. (Text Order of 9/23/2010). On October 1, 2010, the discovery deadline—which had previously been extended an additional 60 days upon Motion of the Plaintiff—expired without further motion or notice from the parties. (See Text Order of 7/26/2010).

On October 4, 2010, Plaintiff filed a Renewed Motion to Compel the Deposition of Attorney Jeffrey M. Wilday ("Renewed Motion to Compel") (Doc. 29). In the Renewed Motion to Compel, Plaintiff stated that the parties had conferred in good faith regarding the requested deposition of Mr. Wilday, but could not reach an agreement. (Doc. 29 at 2-3). Defendant opposed the Renewed Motion to Compel as untimely because Plaintiff had not sought an extension of the discovery deadline, nor had he attempted to subpoena Mr. Wilday as required under Federal Rule of Civil Procedure 30(g)(2). (Doc. 33). On October 22, 2010, Magistrate Judge Cudmore entered a Text Order denying Plaintiff's Renewed Motion to Compel as time-barred and procedurally barred. (Text Order of 10/22/2010). In doing so,

Magistrate Judge Cudmore found that discovery could not continue past October 1, 2010 without prior Court approval, that Mr. Wilday is a non-party deponent not under Defendant's control who must be served with a subpoena for a deposition absent an agreement, and that Plaintiff had neither noticed Mr. Wilday's deposition nor served him with a subpoena before the expiration of the discovery deadline. (Text Order of 10/22/2010). It is this Text Order that is at issue in the instant appeal.

## DISCUSSION

In his Appeal, Plaintiff argues that 1) because the 9/23/2010 Text Order was entered "without prejudice" it was inconsistent to hold him to the October 1, 2010 discovery deadline, 2) Defendant has control over Mr. Wilday and, if it does not, it failed to represent that fact prior to the October 1 deadline and, 3) the deposition of Mr. Wilday is of great importance to this case. (Doc. 36). The Court does not find any of these arguments sufficient to overturn Magistrate Judge Cudmore's ruling under a clearly erroneous standard of review.

With regards to Plaintiff's first argument, simply because the Protective Motion to Compel was dismissed without prejudice did not implicate the deadline for discovery was extended. If Plaintiff's attorney believed he needed additional time to confer with Defendant's counsel and take Mr. Wilday's deposition, he may have filed a motion to further extend the deadline. Plaintiff knows how to timely file for an extension of time as he has already done so once in this case. (Doc. 24) He did not do so again, and the deadline passed. "Courts have a legitimate interest

in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *U.S. v. 1948 South Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001). If a party desires to modify a scheduling order, Federal Rule 16(b)(4) provides that it may only be done "for good cause shown and with the judge's consent." Plaintiff failed to seek Magistrate Judge Cudmore's consent to extend the discovery deadline. Accordingly, the Court does not find that it was a clear error for Magistrate Judge Cudmore to conclude that discovery had ended and therefore Plaintiff's motion was time-barred.

In addition, the Court does not find that it was clear error for Magistrate Judge Cudmore to rule that Mr. Wilday is a non-party deponent not under Defendant's control such that he must be served with a subpoena for a deposition absent agreement. Mr. Wilday is not an employee of Defendant, nor is he a counsel of record in the instant litigation. (Doc. 33). It appears to the Court that he is another attorney for Defendant, who advises it and acts on its behalf in relation to plan administration and other litigated matters. (See Doc. 36 at 9-10). Thus, while Mr. Wilday may be influenced by the Defendant, and it could certainly have asked him to submit to a deposition, it was not clear error for Magistrate Judge Cudmore to find that he was nevertheless a nonparty deponent who should have been subpoenaed once it became clear that there would be no agreement concerning his deposition.

Further, Defendant was not estopped from arguing that Mr. Wilday was a nonparty deponent who needed to be subpoenaed in opposition to Plaintiff's

4

Renewed Motion to Compel. The controversy surrounding Mr. Wilday's proposed deposition arose when Plaintiff's counsel was seeking to determine if Defendant would have any substantive objections to it. (Doc. 25). Plaintiff wanted to schedule Mr. Wilday for a deposition and was concerned that the Defendant would object based upon attorney-client privilege. As such, Plaintiff filed his initial Protective Motion to Compel Deposition. (Doc. 25). Magistrate Judge Cudmore ruled that because the parties had not yet conferred about the matter, it was premature to issue an order to compel. (Text Order of 9/23/2010). Accordingly, the parties conferred about possible objections to the taking of Mr. Wilday's deposition. (See Doc. 29-A). Based upon the email correspondence before the Court, it does not appear that the parties ever discussed whether or not Defendant could force Mr. Wilday to submit to a deposition, only whether they would object to it being taken based upon attorney-client privilege.[1] Further, in an email on September 29, 2010, Defendant's counsel told Plaintiff's counsel that he could not speak for Mr. Wilday as Mr. Wilday may have his own objections to being deposed in the instant case.[2] Thus, Plaintiff's argument to this Court that Defendant is foreclosed from arguing that it was unable to direct Mr. Wilday to submit to a deposition because it had not made Plaintiff aware of this inability earlier is without merit.

---

[1] In one of the initial emails following the 9/23/2010 Text Order, Defendant's counsel stated, "Perhaps it would be best if you just submit the questions – or at least the very specific areas [for the Wilday deposition] – you had in mind to me, and we'll let you know whether (and why) we have an objection." (Doc. 29-A at 7).

[2] It appears that Plaintiff's counsel and Mr. Wilday are in frequent contact regarding this case as well as other matters. (Doc. 36 at 9-10; Doc. 38 at 3).

Finally, the Court notes that while Magistrate Judge Cudmore's ruling may have a somewhat draconian effect in that it forecloses Plaintiff from obtaining Mr. Wilday's deposition based upon his attorney's procedural errors of not seeking an extension of discovery or subpoenaing Mr. Wilday, it was not clear error for him to do so. Plaintiff has had since February to seek to obtain Mr. Wilday's deposition, but he failed to do so until there was less than one month remaining for discovery. Because "[c]ourts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation," *1948 South Martin Luther King Dr.*, 270 F.3d at 1110, this Court cannot find with a definite and firm conviction that Magistrate Judge Cudmore made a mistake in deciding that due to untimeliness and other procedural defects, Plaintiff is foreclosed from obtaining Mr. Wilday's deposition.

For the foregoing reasons, Magistrate Cudmore's Non-Dispositive Text Order entered on 10/22/2010 is AFFIRMED. The case is referred back to Magistrate Judge Cudmore for any further pre-trial proceedings. IT IS SO ORDERED.

Entered this <u>16th</u> day of November, 2010.

                                            s/ Joe B. McDade
                                            JOE BILLY McDADE
                                 United States Senior District Judge