E-FILED
Monday, 29 November, 2010 01:30:47 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Donald J. Tompkins, | ) | |
| Plaintiff, | ) | |
| v. | ) | 09-cv-4004 |
| Central Laborers' Pension Fund, | ) | |
| Defendant. | ) | |

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff challenges Defendant's suspension of his disability payments and Defendant's determination that over $48,000.00 had been overpaid to Plaintiff. Much of the dispute focuses on Defendant's interpretation of the Plan's definition of total and permanent disability, in particular a "$14,000 provision" which addresses the effect of non-laborer earnings on permanent disability payments.

Discovery closed on October 1, 2010. Now before the Court is Plaintiff's motion to determine the sufficiency of Defendant's responses to Plaintiff's requests to admit. For the reasons below, the motion will be granted in part.

Fed. R. Civ. P. 36(a)(4) requires a response to a request for admission to:

> specifically deny it or state in detail the reasons why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest. . . .

The requests for admission are not attached to Plaintiff's motion. Instead, Plaintiff "cut and pasted" portions of the requests and answers into his motion. At times, context is difficult to discern from this cut and paste job, but the parties seem to agree on the gist of the disputes. Accordingly, the Court sets forth the disputed requests verbatim as Plaintiff has set them forth in his motion, using Plaintiff's numbering system.

<u>Plaintiff's Request 2</u>:

Plaintiff seeks an admission that the "$14,000 provision" has not materially changed in two prior amendments or in a restatement to the Plan.  The problem, however, is that Plaintiff's wording of his request is confusing.  He asks Defendant to admit:

> The truth of each of the following statements at subparagraphs (A) thru (T):
>
> (A) The following bolded Pension Plan language is provided consecutively in:

1) Plan Section 3.10 of Amendment No. 5, to the Restated Plan "Effective October 1, 1994" as adopted on May 19, 1997 and entitled "Total and Permanent Disability Defined,"
2) Plan Section 3.10 of Amendment No. 7, to the Restated Plan "Effective October 1, 1994" as adopted on November 10, 1998, and entitled "Total and Permanent Disability Defined," and
3) Plan Section 1.31 of the Restated Plan "Effective October 1, 1999" as adopted on September 9, 2002 and entitled "Total and Permanent Disability" (Complaint Ex. 8) and which was referenced in and attached to the Fund's letter of June 1, 2007 (Comp. Ex 7).

Said Pension Plan language (as in #3 above) is, in relevant part, as follows:

**A "Total and Permanent Disability" shall mean that**, in the opinion of a licensed medical practitioner selected or approved by the Trustees, **the Employee is totally and permanently unable as a result of bodily injury or disease to engage in other any further employment or gainful pursuit as a Laborer or other Building Trades Crafts employment in the construction industry for remuneration or profit, regardless of the amount, or unable to engage in further employment or gainful pursuit of non-Laborer or other non-Building Trades Crafts employment for which the employment is considered full-time and a primary source of income. For such non-Laborer or other non-Building Trades Crafts employment**, notwithstanding the restrictions of Section 7.8, **the Participant may earn up to $14,000 per calendar year in non-Laborer or other non-Building Trades Crafts employment and be considered totally and permanently disabled.**

(d/e 31, p. 2, bolded in Plaintiff's motion).

The Court agrees with Defendant that this request is confusing and ambiguous. First, the bolded part is not bolded in the plan documents, according to Defendant. Admitting that these sections are bolded would be

incorrect and would also suggest emphasis exists in the Plan where it does not. Additionally, the Court agrees with Defendant that the word "consecutively" is ambiguous. Consecutive to what? A clearer approach would have been to set forth the relevant language of each version of the Plan in a separate request to admit for each version, in the exact form in which it is set forth in the Plan. Arguments about the inferences that can be drawn from the Plan's language belong at summary judgment.

However, Defendant will be directed to amend its response, to the extent that Plaintiff is seeking an admission that the paragraph at issue (if it had not been altered by Plaintiff) is contained in the identified Plan versions. This seems to be what Plaintiff seeks, and should be simple enough for Defendant to answer.

<u>Plaintiff's Request 2(B)</u>:

(I) The above quoted Pension Plan language from Section 1.31 was a subject of the 2 e-mails from The Segal Company's David Dean identified in paragraph 1 (E) & (F) above. [*quoted for reference to (iii)& (iv)*].

(ii) The e-mail identified above at paragraph 1(F) attached a proposed "draft amendment [No. 5] that changes the language [of Section 1.31] so there is no longer an[y] question as to the meaning." [*quoted for reference to (iii)& (iv)*].

> (iii) The purpose of said draft amendment was to limit a Participant's ability to earn up to $14,000 per calendar year, in non-Laborer or other non-Building Trades Crafts employment, to employment "that is not considered full-time and a primary source of income."

(d/e 31, p. 4)(bracketed material in Plaintiff's motion).

This admission appears aimed at extracting an admission that the proposed draft amendment demonstrates that the original $14,000 provision was meant to apply to both part-time and full-time non-laborer work.

Defendant admits that the proposed draft was directed at the disability benefits provisions, but "denies the request to the extent that it characterizes the effect or purpose of the e-mail and/or proposed amendment, inasmuch as the Fund did not prepare the e-mail or proposed amendment." (d/e 31, p. 4).

The Court finds Defendant's response sufficient. The drafter of the amendment is in the best position to say what was intended by the amendment, if that becomes relevant. And, the e-mails speaks for themselves. Arguments about what inferences can be drawn from the statements in the e-mails belong at summary judgment.

Plaintiff's Request 2(B)(iv):

Said draft amendment identified above at (ii) was never adopted by reason of the fact that Amendment No. 5 to the 1999 Restated Plan, adopted on November 28, 2005, provided a revised Section 1.31 without any express reference to a Participant's ability to "earn up to $14,000 per calendar year in non-Laborer or other non-Building Trades Crafts employment."

(d/e 31, p. 5).

Defendant admits that Amendment No. 5 was adopted, but denies that is the reason why the proposed draft amendment was not adopted.

The Court sees nothing insufficient about this response. If Plaintiff believes that the e-mails are evidence that the denial is incorrect, that argument can be pressed at summary judgment.

Plaintiff's Request 2(D)(I):

The holding in the Heinz case (541 U.S. 739) requires the Fund to first determine the time period(s) in which Mr. Tompkins' pension credits were earned, namely, those pension credits earned by Mr. Tompkins prior to Mr. McAnarney's August 19, 1999 letter giving notice of the Pension Board's approval of Mr. Tompkins' "Disability Pension."

(d/e 31, p. 6). In Heinz, the Supreme Court held that a plan amendment expanding the circumstances under which early retirement benefits could be suspended violated ERISA's anti-cutback rule. Defendant denies that Heinz applies to disability benefits.

Plaintiff takes issue with Defendant's characterization of the payment of disability "benefits" rather than a disability "pension." Plaintiff argues that the distinction is critical, because of ERISA's distinction between pension and ancillary benefits. *See, e.g.*, <u>Arndt v. Security Bank S.S.B. Employees' Pension Plan</u>, 182 F.3d 538, 540-41 (1999)(disability benefits can be changed by plan amendment, as compared to accrued retirement benefits, which are subject to anti-cutback rules). Defendant counters that what the parties label the payment does not determine what category of benefit it is.

The Court agrees with Defendant that this debate belongs at summary judgment. Plaintiff's request was appropriate; he may proffer a request to admit regarding the application of law to facts or opinions about the law. Fed. R. Civ. P. 36(a)(1). However, Defendant's response was also appropriate. Defendant may deny Plaintiff's characterization of the law or application of the law to the facts. Resolution of the dispute belongs at summary judgment.

For the same reasons, Defendant sufficiently responded to <u>Plaintiff's Request D(ii)</u>, which also requests an admission on the applicability of <u>Heinz</u> to this case. (d/e 31, p. 8).

> Plaintiff's Request 2(E):
>
> Application of Amendment No. 5 to the 1999 Restated Plan would place "materially greater restrictions" on the receipt of any Disability Pension benefit due Mr. Tompkins in that, said amendment, at 1.31(a)(2), deleted any reference to a Participant's eligibility to "earn up to $14,000 per calendar year" if he engaged in "non-laborer or other non-building trades crafts employment" "considered full-time or a primary source of income."

(d/e 31, p. 8).

Defendant again denies that Heinz applies and objects to the request as argumentative and calling for legal conclusions. The request does call for a conclusion about what the pre-amendment language allowed, but the request is not improper. Plaintiff may appropriately ask for legal conclusions under Fed. R. Civ. P. 36(a)(1)(A).

Defendant maintains that, because this request mentions one of the factors considered in Heinz, its response that Heinz does not apply is sufficient. Heinz used the "materially greater restrictions" language in explaining when the anti-cutback rule applies. Heinz, 541 U.S. at 223, *quoting* with approval underlying Seventh Circuit opinion, 303 F.3d at 805.

Defendant's answer is partially responsive, to the extent it maintains that Heinz does not apply. However, Plaintiff is also asking Defendant to admit that before the amendment, the Plan allowed Plaintiff to receive

disability payments even if he was working full time in a non-laborer position, so long as he did not earn more than $14,000. Defendant is free to deny this request or to qualify an admission, but its current response does not fairly answer this part of the request. Accordingly, Defendant will be directed to file an amended response to this request.

The Court reaches the same conclusion for Plaintiff's requests to admit 2(F) and 2(G), which seek admissions regarding the effect of the amendment no. 5 on the receipt of disability payments, and the calculation of Plaintiff's payments. Defendant's response that <u>Heinz</u> does not apply is only partially responsive to the substance of the request.

Plaintiff's Request 2(H):

The following **bolded** Pension Plan language is provided consecutively in:

1) Subsection (d)(1) entitled "Notices" of Plan Section 6.7 entitled "Suspension of Benefits" of the Restated Plan "Effective October 1, 1994."
2) Subsection (e)(1) entitled "Notices" of Plan Section 6.7 entitled "Suspension of Benefits" of Amendment No. 7, to the Restated Plan "Effective October 1, 1994" as adopted on November 10, 1998, and
3) Subsection (f)(1) entitled "Notices" of Plan Section Plan Section 7.8 entitled "Suspension of Benefits" of the Restated Plan "Effective October 1, 1999," as adopted on September 9, 2002.

Said Pension Plan language (as in #3 above) provides, in part, as follows:

> **Upon commencement of pension** benefit **payments, the Trustees shall notify the Pensioner of the Plan rules governing suspension of pension benefits, including identity of the industries and area covered by the Plan.**

(d/e 31, p. 10)(bolded in Plaintiff's motion).

This request is confusing for the same reasons as Plaintiff's request #2 above. The bolded part is apparently not bolded in the plan documents, and the term consecutive is ambiguous. However, Plaintiff primarily seems to seek an admission that this provision (absent the bolding) exists in all the stated versions of the Plan. Defendant should be able to admit or deny that request. Accordingly, Defendant will be directed to file an amended response to this request, to the extent Plaintiff asks Defendant to admit that the provision, unaltered by Plaintiff, exists in the specified Plan versions.

The same conclusion is reached with respect to <u>Plaintiff's request 2(I)</u>. That request asks for an admission that certain language regarding notification is contained in specified Plan versions. The language cited by Plaintiff is, again, bolded in part and also appears to have bracketed material inserted by Plaintiff, which makes the request confusing. (d/e 31). Defendant will be directed to file an amended response to this request, to the extent Plaintiff simply seeks an admission that the notification language

(absent Plaintiff's bolding and bracketed material) is contained in the Plan versions.

Plaintiff's Request 2(K):

Exhibit 16 to Plaintiff's Complaint and entitled "Retirement Declaration" refers to "Disqualifying Employment" for non-disability retirement and is not applicable to the "Disability Pension" upon which the Pension Board had determined Mr. Tompkins' eligible for a Disability Pension in the Fund's letter dated August 19, 1999.

(d/e 31, p. 12).

Defendant denied that the Exhibit "is not applicable, at least in part, to a recipient of Total and Permanent Disability Benefits." (d/e 31, p. 12).

Plaintiff's argument that this response conflicts with Defendant's Answer should be made at summary judgment. The only issue presently before this Court is whether the response is sufficient under Rule 36, not whether it is correct. However, Plaintiff does have a point that Defendant fails to specify what part of Exhibit 16 would be applicable to a recipient of total and permanent disability benefits. Defendant does not argue that it is unable to qualify what appears to be a partial admission and denial. *See* Fed. R. Civ. P. 36(a)(4). Defendant will be directed to file an amended response to this request.

Plaintiff's request 2(M) asks for an admission that Exhibit 16 to the Complaint is consistent with <u>Heinz</u>. For the reasons explained above, Defendant's response that <u>Heinz</u> does not apply is sufficient. The debate over the import of Exhibit 16 and <u>Heinz</u> belongs at summary judgment.

<u>Plaintiff's Request 2(O)</u>:

> In August of 1999, the Fund failed to give Plaintiff any "Plan rules governing suspension" of his "Disability Pension," which specifically included the "$14,000" provision referenced in Plan Section 3.10 of Amendment No. 7, to the 1994 Restated Plan, as adopted on November 10, 1998, and entitled "Total and Permanent Disability Defined."

(d/e 31, p. 13)(quotes in Plaintiff's motion).

Defendant responded as follows:

> The Fund <u>admits</u> that it did not "give Plaintiff documents containing the $14,000 provision" in August 1999 since the provision had not yet been made part of the Plan. The Fund denies that the "$14,000 provision" is a Plan rule governing suspension, but instead is merely a factor in determining whether a recipient continues to be Totally and Permanently Disabled.

(d/e 31, p. 14).

Plaintiff argues that Defendant has not fairly responded because the evidence shows indisputably that the $14,000 provision was in the August 1999 Plan. However, whether Defendant's response will be supported by

the evidence is a determination for summary judgment. The Court finds that Defendant's response is sufficient under Rule 36.

Plaintiff's Request 2(S)(I):

The Fund's letter to Plaintiff dated June 1, 2007 (at Comp. Ex. 7, Bates # 13) states, in part, as follows:

> The Disability Pension payments [of $2,115.43/month] that you received for the period July, 2005 through May, 2007, totaling $48,654.89 [23 mo. x $2,115.43], are considered to be overpaid and subject to the Fund's recovery process. This overpayment will be recovered through deductions from future benefit payments in an amount not to exceed 25% of the monthly pension amount (before deductions), except that the Fund may withhold up to 100% of the first monthly pension payment from the Fund.

(d/e 31, p. 14).

Defendant denied that this is the correct language because Plaintiff added in the bracketed information and deleted other information not specified. As with Plaintiff's other requests, his editing of the language makes the request confusing. If Plaintiff had wanted to obtain an admission regarding the language in the letter, he should have set forth the language exactly as it is set forth in the letter. Nevertheless, Defendant will be directed to amend its response, to the extent Plaintiff is asking Defendant to admit that the language, unadulterated by Plaintiff's changes, is contained in the letter.

> Plaintiff's Request 2(S)(ii):
>
> Although the Fund's Counterclaim seeks damages of $48,654.89 (Doc. #20, par. 11) as referenced above in paragraph (S)(I), Plan Section 3.10 of Amendment No. 7, to the 1994 Restated Plan as adopted on November 10, 1998, provides in part:
>
> If disability benefits were paid for a month for which benefits were later determined should not have been paid, the overpayment shall be recoverable through deductions from future pension payments in an amount not to exceed 25 percent of the monthly pension amount (before deductions), except that the Plan may withhold up to 100 percent of the first monthly pension payment made upon beginning future pension payments.

(d/e 31, p. 15).

The Court agrees with Defendant that this request is argumentative. It is an argument that Defendant's counterclaim is contrary to the Plan's provisions. The role that the provision plays in deciding the merit of Defendant's counterclaim belongs at summary judgment. However, the Court will direct Defendant to file an amended response to indicate whether it admits or denies that the language set forth (absent the commentary) is contained in the plan.

IT IS THEREFORE ORDERED THAT Plaintiff's motion to determine the sufficiency of Defendant's responses to Plaintiff's requests to admit is granted in part (d/e 31). In accordance with the above discussion, by

December 13, 2010, Defendant is directed to serve amended responses to the following requests to admit: 2, 2(E), 2(F), 2(G), 2(H), 2(I), 2(K), 2(S)(I), and 2(S)(ii) . Plaintiff's motion is otherwise denied.

ENTER: November 29, 2010

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE