UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONALD J. TOMPKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:09-cv-4004-SLD-BGC |
| CENTRAL LABORERS' PENSION FUND, | ) ) ) ) |
| Defendant. | ) ) |

ORDER

Presently before the Court are the parties' post-summary judgment motions. Plaintiff has moved for an entry of final judgment and Defendant has moved for an award of attorneys' fees and costs. For the following reasons, Plaintiff's Motion for Entry of Judgment under Rule 54(b) (ECF No. 57) is DENIED, and Defendant's Motion for Attorneys' Fees and Costs (ECF No. 54) is DEFERRED.

I. PLAINTIFF'S RULE 54(B) MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT

A. Background

On August 3, 2011, and August 25, 2011, the Court entered Orders and Opinions ruling on the parties' cross-motions for summary judgment. (*See* ECF Nos. 49, 53.) The Court denied Plaintiff's motion and granted Defendant's motion, summarily dismissing all of Plaintiff's claims against Defendant as a matter of law. The only claim remaining in the case is Defendant's Counterclaim against Plaintiff for the tort of fraudulent concealment.

Plaintiff has now moved, pursuant to Rule 54(b), for an entry of partial final judgment so that he can immediately appeal the Court's summary judgment that dismissed each of the three counts Plaintiff asserted against Defendant. (*See* ECF Nos. 49, 53.) Plaintiff argues that there is

1

no reason to delay the entry of final judgment on his claims because they do not involve the "same facts" as the counterclaim.  (Pl.'s Mem. of Law in Supp. of Mot. for Entry of Partial Final Judgment Pursuant to Rule 54(b) ("Pl.'s Mem.") at 3-4, ECF No. 58.)  Plaintiff contends the lack of factual overlap in the claims is demonstrated by the fact that the cause of action underlying Defendant's counterclaim is outside the scope of—i.e., not preempted by—the ERISA statutes on which Plaintiff's claims relied.  (*Id.* at 2-4.)  Plaintiff also asserts that entry of partial final judgment is further justified because an appellate reversal of this Court's summary judgment rulings would allegedly render Defendant's counterclaim moot and that the counterclaim may never have to be tried.  (Pl.'s Mot. for Entry of Final Judgment ¶¶ 3-4, ECF No. 57.)  Accordingly, Plaintiff argues that an immediate (and presumably successful) appeal would therefore be the most efficient path for resolution of the counterclaim.

Defendant opposes the entry of partial final judgment based on the factual overlap between the counterclaim and the facts set forth in the Counts asserted in Plaintiff's Amended Complaint.  (Def.'s Mem. of Law in Opp'n to Rule 54(b) Mot. at 2, ECF No. 60.)  In particular, Defendant contends that the overlap in facts is readily apparent when comparing Plaintiff's Count II, wherein Plaintiff alleged that he was unaware of the Fund's Rules and Regulations regarding eligibility for disability benefits, and the Fund's counterclaim that alleges the Plaintiff knew of the eligibility requirements, knew he was not eligible for disability benefits, and concealed his full time work in order to wrongly receive continuing benefits from the Fund.  (*Id.*)  Defendant also takes issue with Plaintiff's inconsistent arguments that, on the one hand, assert the absence of factual overlap between Plaintiff's claims and Defendant's counterclaim while, on the other hand, assert that resolution of Plaintiff's claims on appeal would somehow moot resolution of the allegedly separate and distinct counterclaim.  (*Id.* at 2-3.)  Defendant concludes

that if the claims were truly non-overlapping, then, contrary to Plaintiff's position, resolution of one could not have any impact on the other let alone completely moot the cause of action. (*Id.*)

      B.  Discussion

District courts confronted with multiple claim lawsuits are authorized by Federal Rule of Civil Procedure 54(b) to direct the entry of final judgment as to one or more, but fewer than all, claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The mere presence of a non-frivolous counterclaim does not automatically prohibit a Rule 54(b) certification. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9, 100 S. Ct. 1460, 1465 (1980). Rather, the significance of a counterclaim for Rule 54(b) purposes turns on the interrelationship of the counterclaim with the claims on which entry of final judgment is sought. *Id. See also Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). Accordingly, if the factual overlap of the remaining counterclaim and disposed of claims is so extensive that the court of appeals faces a substantial prospect of piecemeal repetitive appeals then certification under Rule 54(b) is inappropriate. *Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1038 (7th Cir. 1988).

The Court does not find Plaintiff's arguments for entry of partial final judgment persuasive. Plaintiff intimates that the lack of "the same facts" between Plaintiff's ERISA claims and Defendant's "run-of-the-mill state law tort claim" is sufficient to demonstrate entitlement to Rule 54(b) certification. (*See* Pl.'s Mem. at 4.) But identity of facts between claims is not required for the Court to exercise its discretion and deny entry of partial final judgment. *Curtiss-Wright*, 446 U.S. at 8, 100 S. Ct. at 1465 ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable

from the remaining unresolved claims."). "Different theories of relief or different legal characterizations of the same facts are not separate claims for Rule 54(b)." *Lottie*, 408 F.3d at 939. Thus, contrary to Plaintiff's apparent position, the facts underlying the claims need not be *identical* to preclude entry of partial final judgment; rather, the claims need only share *some* factual overlap.

Plaintiff also appears to argue that an immediate appeal would promote judicial efficiency. According to Plaintiff, an appellate reversal of the Court's summary judgment ruling on Count II would render Defendant's pending common law counterclaim moot and that a reversal on Count I would result in an adjustment in the amount Defendant is entitled to as overpayment.[1] (*See* Pl.'s Mem. at 4.) This position hinges, of course, on Plaintiff's assumption that his appeal will be completely successful. As evidenced by the summary judgment orders in favor of Defendant, the Court disagrees with Plaintiff's presumed appellate success. Nevertheless, "[t]he risk to defendant of proceeding to trial after a partial summary judgment has been entered is not a reason to grant a Rule 54(b) motion." *Lottie*, 408 F.3d at 940.

The pending counterclaim shares sufficient overlapping facts with Plaintiff's claims such that entry of partial final judgment is not warranted at this time.[2] On summary judgment, the Court resolved the issue of notification presented in Count II of Plaintiff's amended complaint by

---

[1] Plaintiff's argument that an appellate reversal would moot Defendant's remaining counterclaim further demonstrates partial final judgment is not warranted. If the counterclaim was truly separate and distinct from the dismissed claims, thereby justifying independent entry of final judgment on the claims, then disposition of those claims should not have any impact on the pending counterclaim. Consequently, Plaintiff's own arguments admit that his claims and Defendant's counterclaim are significantly intertwined.

[2] The Court notes that the compulsory nature of Defendant's counterclaim, which would have been subject to res judicata if not asserted in this case, also weighs against an entry of partial final judgment. *See Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1367 (7th Cir. 1990) (while the res judicata status of the two claims is not conclusive of a Rule 54(d) determination, "[t]he fact that two claims are one for purposes of res judicata may be relevant in appraising the possibility of a Rule 54(b) judgment").

construing the plan as imposing notification requirements only for *regular* pension beneficiaries, but not for *disability* pension beneficiaries like Plaintiff. (Order & Op. at 18-19, ECF No. 49.) Accordingly, Plaintiff's alleged lack of notification from Defendant was deemed non-actionable as a matter of law and summary judgment was granted in Defendant's favor. (*Id.*) Further adjudication of Defendant's counterclaim, however, should provide evidence regarding Plaintiff's actual knowledge of the obligations imposed on him as a disability beneficiary under the Fund's Rules and Regulations regardless of whether that knowledge was directly provided by Defendant. Indeed, if it is shown that Plaintiff knew of the imposed limits, then Plaintiff's Count II allegation could be substantially undermined even if such knowledge was obtained from a source other than through a direct notification from the Defendant. Thus, the Court finds that adjudication of the counterclaim is likely to resolve facts that overlap with the claims on which Plaintiff seeks entry of partial final judgment and limiting this case to a single appeal, after resolution of Defendant's counterclaim, will best promote judicial efficiency by protecting against piecemeal litigation in which the appellate court would have to go over some of the same subject matter in multiple appeals. *See Curtiss-Wright*, 446 U.S. at 10, 100 S. Ct. at 1466.

II.    DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant has moved for an award of attorneys' fees and costs on each of the three counts in Plaintiff's amended complaint pursuant to 29 U.S.C. § 1132(g)(1). Under this fee-shifting provision of the ERISA statute, the Court has discretion to grant reasonable attorneys' fees and costs to a party that has achieved "some degree of success on the merits." *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2152 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S. Ct. 3274 (1983)). However, even though district courts entertain a "modest presumption" in favor of an award, *see Little v. Cox Supermarkets*, 71 F.3d 637, 644 (7th Cir. 1995), mere success does not automatically trigger such an award. Rather, a fee award

is appropriate only if the non-prevailing party's litigation position was not "substantially justified," *i.e.*, that it was taken in bad faith and meant simply as a means for harassing the prevailing party. *Pakovich v. Verizon Ltd. Plan*, 653 F.3d 488, 494 (7th Cir. 2011); *Little*, 71 F.3d at 644. Additionally, a Court presented with a request for fees must also evaluate whether there are any "special circumstances" that would make an award "unjust." *Id.*

It would be premature to make a determination on Defendant's request for attorneys' fees and costs at this time. As discussed in the preceding section, due to the factual overlap between Defendant's counterclaim and at least Count II of Plaintiff's amended complaint, facts revealed during resolution of the counterclaim may impact the Court's evaluation of whether Plaintiff's counts were "substantially justified." Similarly, additional factual development may highlight conduct by Defendant that makes an award unjust in this case. Furthermore, a plain reading of the federal rules demonstrates that motions for attorneys' fees require "judgment," which has not been entered in this case. *See* Fed. R. Civ. P. 54(d)(2)(B)(i-ii) ("the motion must: (i) be filed no later than 14 days *after the entry of judgment*; (b) specify the *judgment* . . ." ) (emphasis added). Consequently, the Court will defer resolution of Plaintiff's motion for attorneys' fees and costs at this time.

Entered this 30th day of January, 2012.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
