UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONALD J. TOMPKINS, | ) |
| | ) |
|     Plaintiff-Counterdefendant, | ) |
| | ) |
| v. | )   Case No. 4:09-cv-4004-SLD-BGC |
| | ) |
| CENTRAL LABORERS' PENSION FUND, | ) |
| | ) |
|     Defendant-Counterclaimant. | ) |

ORDER

Presently before the Court is the Defendant-Counterclaimant Central Laborers' Pension Fund's (the "Fund") motion for bill of costs. ECF No. 90. For the reasons set forth herein, the Court GRANTS the Fund's motion.

The Court previously granted the Fund's motion for summary judgment on each of Plaintiff Donald Tompkins' three counts. Order & Op., ECF No. 49; Order & Op., ECF No. 53. Thereafter, the Court held a bench trial on the Fund's counterclaim of fraudulent concealment. The Court granted judgment in favor of Tompkins and against the Fund on the counterclaim. Tompkins appealed the Court's summary judgment order. The Seventh Circuit affirmed. *See* Mandate of USCA, ECF No. 89. Now the Fund moves the Court for $813.35 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

Rule 54 provides a "strong presumption" that the prevailing party will recover costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 944-45 (7th Cir. 1997). Tompkins does not challenge the Fund's status as a prevailing party. Instead, Tompkins argues that the Court has already decided this issue in its March 30, 2012 Order. ECF No. 74. In that order, the Court denied the Fund's motion for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

1

Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise," the prevailing party should be awarded costs. Tompkins argues that the ERISA statute "provides otherwise" because it addresses awarding costs to the prevailing party. And because the Fund has already moved and lost under the ERISA cost-shifting provision, the Fund's failure to cross-appeal the issue forecloses it from raising it now.

Ironically, the same day that Tompkins made this argument is the same day that it was foreclosed by the Seventh Circuit in *Leimkuehler v. Am. United Life Ins. Co.*, 2013 U.S. App. LEXIS 7528 (7th Cir. April 16, 2013). There, the Seventh Circuit explained that the Supreme Court has recently held that "a statute 'provides otherwise' for purposes of Rule 54(d) only if it is literally contrary to the rule, in the sense that it constricts discretion that the rule recognizes." *Id.* at *25 (citing *Marx v. Gen. Revenue Corp.*, 133 S.Ct. 1166, 1173 (2013)). Using this guidance, the Seventh Circuit held that § 1132(g) is not contrary to Rule 54(d). *Id.* In other words, section 1132(g) is not a federal statute that "provide[s] otherwise." Thus, the prevailing party—the Fund—should be awarded costs under Rule 54(d). Tompkins offers nothing to rebut the strong presumption in favor of awarding costs. So the Court exercises its discretion to award them here.

For the reasons set forth above, the Court GRANTS Defendant-Counterclaimant Central Laborers' Pension Fund's motion for costs. Plaintiff is ordered to pay $813.35 in costs.

Entered this 10th day of May, 2013.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE